IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LEONARD H. ARLINE, )
)
    Petitioner, )
)
v. )   Civil Action No. 3:13CV498–HEH
)
COMMONWEALTH OF VIRGINIA, )
)
    Respondent. )

## MEMORANDUM OPINION
(Dismissing Successive 28 U.S.C. § 2254 Petition)

By Memorandum Opinion and Order entered on February 22, 2007, the Court denied a 28 U.S.C. § 2254 petition filed by Leonard H. Arline challenging his 2002 convictions in the Circuit Court for the City of Suffolk. *Arline v. Kelly*, No. 3:06–cv–261–HEH (E.D. Va. Feb. 22, 2007), ECF No. 15–16. On July 30, 2013, the Court received from Arline a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b) Motion," ECF No. 1). As explained below, the Rule 60(b) Motion must be treated as a successive, unauthorized § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir.2003). Accordingly, "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" *Id.* (quoting *Calderon v. Thompson*, 523 U.S. 538, 553 (1998)). Here, Arline does not challenge this Court's denial of his § 2254 petition, but instead attempts to attack his 2002 state conviction and sentence as being void.[1] The Clerk will be directed to treat the Rule 60(b) Motion as a successive § 2254 Petition. Because the Court has not received authorization from the Fourth Circuit to file the successive petition, the action will be dismissed for want of jurisdiction. Arline's Motion to Amend (ECF No. 5) will be denied.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition

---

[1] To the extent Arline "seeks to revisit the federal court's denial *on the merits* of a claim for relief[, the Rule 60(b) motion] should be treated as a successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

2

should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Arline fails to satisfy this standard, a certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov. 4, 2013
Richmond, Virginia

3